VIRGINIA T. NIVEN, as Executrix, etc., of KENNETH D. L. NIVEN, Deceased, Respondent, v. FLOYD J. STODDARD, Appellant.

PER CURIAM: The appeal is from an order denying a motion of the defendant to change the place of trial from Sullivan to Ulster county, made upon the ground that a fair and impartial trial cannot be had in the former county. The plaintiff's attorney was responsible for newspaper publication on the eve of trial of matter which we deem prejudicial to an impartial trial, the damaging effects of which in future efforts to try the case in that county cannot be measured and cannot be offset without calling to the attention of jurors the very matter deemed prejudicial. This kind of publicity by an attorney, deliberately indulged in, should be deprecated. In fact it violates one of the canons of ethics of the profession, adopted by the New York State Bar Association. " Newspaper publications by a lawyer as to pending or anticipated litigation may interfere with a fair trial in the courts and otherwise prejudice the due administration of justice. Generally they are to be condemned. If the extreme circumstances of a particular case justify a statement to the public, it is unprofessional to make it anonymously. An *ex parte* reference to the facts should not go beyond quotation from the records and papers on file in the court; but even in extreme cases it is better to avoid any *ex parte* statement." (Canon 20 of Canons of Ethics of N. Y. State Bar Association.) In the case before us the efficacy of such canon to prevent interference with the orderly administration of justice is given illustration. Its violation leads to the change of place of trial to the embarrassment of the parties and their witnesses. Van Kirk, P. J., Hinman, Davis, Whitmyer and Hill, JJ., concur. Order reversed on the law and facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.